FILED
07-28-2021
Clerk of Circuit Court
Waukesha County
2021CV001110

STATE OF WISCONSIN     CIRCUIT COURT     WAUKESHA COUNTY
CIVIL DIVISION

---

DEBORAH COLEMAN,
N34W23113 Circle Ridge Road, Apt. 103
Pewaukee, WI 53072,

                    Plaintiff,

       v.

DELTA MANAGEMENT ASSOCIATES, INC.,
100 Everett Avenue, Suite 6
Chelsea, MA 02150,

                    Defendant.

**SUMMONS**

Case No.: _____
Classification Code: 30301

**Jury Trial Demanded**

Amount claimed is greater than the
amount under Wis. Stat. §
799.01(1)(d).

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal

action against you. The Complaint, which is attached, states the nature and basis of the legal

action.

Within twenty (20) days of receiving this Summons, you must respond with a written

Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The

Court may reject or disregard an Answer that does not follow the requirements of the Statutes.

The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, Civil

Division, Room C-167, 515 W Moreland Blvd, Waukesha, WI 53188, and to Plaintiffs' attorney,

whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may

have an attorney help or represent you.

If you do not provide an answer within twenty (20) days, the Court may grant Judgment

against you for the award of money or other legal action requested in the Complaint, and you

1

EXHIBIT
1

may lose your right to object to anything that is or may be incorrect in the Complaint. A

Judgment may be enforced as provided by law. A Judgment awarding money may become a lien

against any real estate you own now or in the future and may also be enforced by garnishment or

seizure of property.

        Dated:   July 28, 2021           ADEMI LLP

                                     By:  *Electronically signed by Mark A. Eldridge*
                                           Mark A. Eldridge (State Bar No. 1089944)

                                      *Attorney for Plaintiff*

Mailing address:

3620 East Layton Avenue
Cudahy, Wisconsin 53110
Telephone: 414-482-8000
Facsimile: 414-482-8001

2

Case 2:21-cv-01114-JPS   Filed 09/24/21   Page 2 of 17   Document 1-1

FILED
07-28-2021
Clerk of Circuit Court
Waukesha County

STATE OF WISCONSIN            CIRCUIT COURT        WAUKESHA COUNTY110
                             CIVIL DIVISION

---

| | |
|---|---|
| DEBORAH COLEMAN,<br>N34W23113 Circle Ridge Road, Apt. 103<br>Pewaukee, WI 53072, | :   **COMPLAINT**<br>:<br>:   Case No.:_____ |
|               Plaintiff, | :   Classification Code: 30301 |
|       v. | : |
| DELTA MANAGEMENT ASSOCIATES, INC.,<br>100 Everett Avenue, Suite 6<br>Chelsea, MA 02150, | :   **Jury Trial Demanded** |
|               Defendant. | : |

---

COMES NOW Plaintiff Deborah Coleman, by her Attorneys, Ademi LLP, and for a

cause of action, states as follows:

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer

Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis.

Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in

Wisconsin. Venue in Waukesha County is proper because the claim arose in Waukesha County,

and Defendant attempted to collect a debt in connection with a consumer transaction that occurred

in Waukesha County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of a

consumer transaction or a consumer credit transaction is the county: ... Where the customer resides

....").

## PARTIES

3.     Plaintiff Deborah Coleman is an individual who resides in Waukesha County, Wisconsin.

4.     Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5.     Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301, in that the debt Defendants sought to collect from Plaintiff arose from one or more consumer credit transactions.

6.     Defendant Delta Management Associates, Inc. ("Delta") is a foreign limited liability company with its primary offices located at 100 Everett Avenue, Suite 6, Chelsea, MA 02150.

7.     Delta is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.     Delta is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9.     Delta is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103.

## FACTS

10.    On or around February 23, 2021, Delta mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Ascendium." A copy of such letter is attached to this Complaint as Exhibit A.

2

11.     Upon information and belief, the alleged debt referenced in Exhibit A was associated with a student loan.

12.     Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

13.     Upon information and belief, Exhibit A is a form debt collection letter, used by Delta to attempt to collect alleged debts.

14.     The last page of Exhibit A includes the following representation:

**WISCONSIN**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org

15.     The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

16.     Delta does not, in fact, hold a Wisconsin Collection Agency License.

17.     Delta is not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

18.     Delta was not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

19.     Delta is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited July 28, 2021).

20.     A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect

3

the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.").

21.     Plaintiff was misled and confused by Exhibit A.

22.     The unsophisticated consumer would be misled and confused by Exhibit A.

23.     Plaintiff had to spend time and money investigating Exhibit A and the possible consequences of responding to Exhibit A.

### *The FDCPA*

24.     Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

25.     The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP*, 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objective one—whether the plaintiffs or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather whether an

4

unsophisticated consumer would have been misled." *Beattie v. D.M. Collections Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

26.     Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*, the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F. Supp. 941, 944 (D. Conn. 1993).

27.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28.     15 U.S.C. § 1692e(1) specifically prohibits: "The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

29.     15 U.S.C. § 1692e(9) specifically prohibits: "The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

30.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### The WCA

31.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

32.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and instructs that these protections must be "liberally construed and applied" in order "to induce compliance with the WCA and thereby promote its underlying

5

objectives." Wis. Stat. §§ 421.102(1), 425.301; *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis.

2d 524, 533, 335 N.W.2d 390 (1983).

33.    To further the objectives underlying the WCA, the Wisconsin legislature has

empowered the Wisconsin Department of Financial Institutions and the Wisconsin Department of

Justice to bring actions against any person who violates the WCA, and has further provided

Wisconsin consumers with an array of protections and legal remedies, including a private cause of

action to temporarily or permanently enjoin conduct that violates the WCA or the federal consumer

credit protection act and recover classwide statutory, actual, and punitive damages on behalf of all

consumers who suffer similar injuries.  Where a consumer seeks injunctive or declaratory relief,

the WCA provides that "it shall not be a defense to an action brought under this section that there

exists an adequate remedy at law." *See* Wis. Stats. §§ 421.102(1), 425.301, 425.401, 426.109(1),

426.110(1); 426.110(4)(e), 426.301.

34.    The private cause of action is essential to deterring violations and furthering the

the WCA's underlying objectives:

> The provisions of the WCA for private enforcement through the use of civil legal
> remedies by the individual consumer are some of the most important sections of
> the Act.  The function of private enforcement is both to secure the rights of the
> individual and simultaneously to assist public authorities in achieving compliance
> for the ultimate benefit of all consumers.

Thomas D. Crandall, "Wisconsin Consumer Credit Laws Before and After the Consumer Act,"

1973 Wis. L. Rev. 334, 376-77.

35.    Thus, private actions under the WCA benefit not only consumers whose rights

have been violated and competitors of the violators, whose competitive advantage should not be

diminished because of their compliance with the law, but also the public authorities and the public

6

generally, who would otherwise be burdened with the costs of using public resources to achieve compliance.

36.     Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

37.     Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

38.     Wis. Stat. § 421.108 provides: "Every agreement or duty within chs. 421 to 427 imposes an obligation of good faith in its performance or enforcement. 'Good faith" means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

39.     Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not.

## COUNT I − FDCPA

40.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

7

41.     Exhibit A falsely represents that Defendant held a "Collection Agency" license issued by the Division of Banking in the Wisconsin Department of Financial Institutions.

42.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9).

## COUNT II – WCA

43.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44.     Exhibit A falsely represents that Defendant held a "Collection Agency" license issued by the Division of Banking in the Wisconsin Department of Financial Institutions.

45.     Defendant violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

46.     Plaintiff brings this action on behalf of a class, consisting of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letters in the form of Exhibit A to the complaint in this action, (c) From June 28, 2020 through the present, and (e) that was not returned by the postal service.

47.     The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

48.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

49.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

50.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

8

51.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

52.    Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a)    actual damages;

(b)    statutory damages;

(c)    injunctive relief;

(d)    attorneys' fees, litigation expenses and costs of suit; and

(e)    such other or further relief as the Court deems proper.

Dated: June 28, 2021

**ADEMI LLP**

By:    *Electronically signed by Mark A. Eldridge*
       John D. Blythin (SBN 1046105)
       Mark A. Eldridge (SBN 1089944)
       Jesse Fruchter (SBN 1097673)
       Ben J. Slatky (SBN 1106892)
       3620 East Layton Avenue
       Cudahy, WI 53110
       (414) 482-8000
       (414) 482-8001 (fax)
       jblythin@ademilaw.com
       meldridge@ademilaw.com
       jfruchter@ademilaw.com
       bslatky@ademilaw.com

9

FILED
07-28-2021
Clerk of Circuit Court
Waukesha County
2021CV001110

# EXHIBIT A



DEPT 1834    1905268621037
PO BOX 4115
CONCORD CA  94524

ADDRESS SERVICE REQUESTED

| ACCOUNT NO. | PRINCIPAL BALANCE | INTEREST |
|---|---|---|
| XXXXX2952 | $35,274.94 | $2,176.94 |
| | COLLECTION COSTS | CURRENT BALANCE |
| | $4,518.71 | $41,970.59 |
| | AMOUNT PAID | |

FILED
07-28-2021
Clerk of Circuit Court
Waukesha County
2021CV001110

RETURN THIS PORTION
WITH YOUR PAYMENT.

DO NOT SEND CASH
MAKE CHECKS PAYABLE TO:
Ascendium

DEBORAH A COLEMAN
N34W23113 CIRCLE RIDGE RD
APT 103
PEWAUKEE WI 53072-5729

DELTA MANAGEMENT ASSOCIATES, INC
PO BOX 9242
CHELSEA, MA 02150-9242

03/16/2021

DELTA MANAGEMENT ASSOCIATES, INC.
P.O. BOX 9242
CHELSEA, MA 02150-9242
1-855-282-5983

CREDITOR:          Ascendium
AMOUNT DUE:        $41,970.59
BORROWER NAME:     DEBORAH A COLEMAN

ACCOUNT:           XXXXX2952

The total amount due as of the date of this letter is stated above. Because of interest, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the balance shown above, an adjustment may be necessary after your check is received. If such is the case, you will be informed before depositing the check for collection.

This notice regarding your defaulted student loan debt held by Ascendium is from Delta Management Associates, Inc. Ascendium has placed your account with this agency for collection.

A recent review of your defaulted account indicates you may be eligible for a program to resolve the default. These possible alternatives include:

1.  Repayment Arrangements
    You may contact us to arrange for acceptable repayment terms. Please ensure that you understand all of the agreed-upon terms, as you will be required to fulfill these commitments. A portion of each payment received from you will be allocated to pay collection costs. Those costs are assessed on your account 60 days after the default claim purchase.

2.  Loan Rehabilitation
    Loan rehabilitation offers you the opportunity to resolve your loan default and may improve your credit record by removing your guarantors' report of your loan default. If eligible and upon completion of this program, your defaulted student loan(s) will be eligible for purchase by a lender, and the loan(s) will no longer be considered in default. If your guarantor is currently reporting the applicable loan(s) to the national consumer reporting agencies and you successfully rehabilitate those loan(s) then your guarantor will request the reporting agencies to delete all credit entries related to your loan(s) previous default. Your guarantor will also notify the default claim lender of your rehabilitation and notify the lender to delete its reporting of the default, as applicable. To participate in the loan rehabilitation program, you must advise Delta Management Associates, Inc. that you wish to rehabilitate your defaulted loan(s) and establish acceptable repayment terms. You will be notified of all the loan rehabilitation requirements, which include making at least nine (9) monthly payments during a ten (10) month period. As part of your eligibility for loan rehabilitation, you will be assessed collection costs at a reduced rate of 16% of the principal and interest balance at the time your loan is purchased by an eligible lender, and the purchasing lender may add these costs to your outstanding loan principal. Your guarantor will make every effort to secure a lender for you, but note that purchasing rehabilitated loan(s) is at the discretion of the lender.



 

3. William D. Ford (Direct) Loan Consolidation
You may consolidate all your FFELP loans, including any defaulted loan(s), into a new, single loan. Direct loan consolidation may simplify your loan repayment by requiring only one monthly payment, and may reduce your monthly loan payment amount by extending the repayment term

To be eligible for loan consolidation, you must advise Delta Management Associates, Inc. that you wish to consolidate your loan(s). To consolidate your defaulted loans, you should establish repayment arrangements and may be required to make three, on time, consecutive, monthly payments. Once you have made these payments and/or met other Direct Loan Program requirements, you may apply for a consolidation loan. Note that if you consolidate your loans, your guarantor will not remove the report of your loans' default from your credit report if those loan(s) are currently being reported; however, the credit entry will be updated to reflect a paid-in-full status for the original defaulted loan(s). Additionally, you will be assessed collection charges at the rate of up to 16% of the principal and interest balance of your defaulted loan(s) at the time your loan(s) are consolidated, and these charges may be added to your outstanding loan principal amount.

Before we determine which of the above options you may qualify for you must contact us at:

Delta Management Associates, Inc.
PO Box 9242
Chelsea, MA 02150
1-855-282-5983 Karen Schroth
Hours of Operation: Mon - Thurs 8am to 9 pm - Fri 8 am to 5 pm - Sat 8 am to 12pm EST

For your information failure to pay the account in full, agree to a satisfactory repayment arrangement, or utilize another recovery option listed above may result in additional collection efforts. Ascendium can grant authority to:

- Contacting your employer to seize a portion of your paycheck through administrative wage garnishment.
- Intercepting future federal and/or state income tax refunds or other federal payments due you.
- Assigning your loan(s) to the U.S. Department of Education for collection.
- Pursuing other lawful collection procedures

If you wish to review the default status of your loan(s), you may submit a request in writing to:

1. Inspect and copy our records pertaining to your loan obligation.

2. Request a review regarding the legal enforceability or past status of your loan obligation. You may request a review if you can prove your loan was not past-due with your lender, the loan balance is incorrect, or you did not incur this debt. You cannot request a review for any one of the following reasons:
    - You failed to pay your lender.
    - You failed to complete your education and/or were dissatisfied with the school you attended.
    - You were unable to find employment in the field for which the school prepared you.

To request a review, your request must be submitted in writing to: Navient, PO Box 9460, MC E2142, Wilkes-Barre, PA 18773-9460.

This communication is from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

*** SEE REVERSE SIDE FOR IMPORTANT INFORMATION ***



Hours of Operations: Mon - Thurs 8am-9pm, Fri 8am-5pm, Sat 8am-12pm EST

## CALIFORNIA

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## COLORADO

4450 Arapahoe Ave., Suite 100, Boulder, CO 80303. To speak to a representative, call the toll free number located on the front page of this letter or call 303-415-2538

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY -REGULATION/.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

## MASSACHUSETTS

NOTICE OF IMPORTANT RIGHTS:

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

## MINNESOTA

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## NEW YORK

New York City Department of Consumer Affairs License Number: 1006315

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days."

## NORTH CAROLINA

North Carolina permit number 3965- 100 Everett Ave, Unit 13, Chelsea, MA 02150

## TENNESSEE

This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

## WISCONSIN

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org

FILED
07-28-2021
Clerk of Circuit Court
Waukesha County
2021CV001110

**·STATE OF WISCONSIN**      **CIRCUIT COURT**      **WAUKESHA**

Deborah Coleman vs. Delta Management Associates, Inc.    **Electronic Filing Notice**

Case No. 2021CV001110
Class Code: Money Judgment

---

DELTA MANAGEMENT ASSOCIATES, INC.
SUITE 6
100 EVERETT AVENUE
CHELSEA MA 02150

Case number 2021CV001110 was electronically filed with/converted by the Waukesha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 7361f5**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-548-7525.

Waukesha County Circuit Court
Date: July 29, 2021

GF-180(CCAP), 11/2020 Electronic Filing Notice          §801.18(5)(d), Wisconsin Statut
This form shall not be modified. It may be supplemented with additional material.